Glen T. Jonas (State Bar No. 166038)
Jonas & Driscoll LLP
1108 Sartori Avenue, Suite 320
Torrance, CA 90501
Tele: 213/683-2033 Fax: 310/218-4980
Email: glenjonas@aol.com

Michael H. Artan (State Bar No. 97393)
One Wilshire Boulevard, Suite 2200
Los Angeles, California 90017
Tele:  213/688-0370 Fax: 213/627-9201
Email: michaelartan@yahoo.com

*Counsel for Plaintiff*
*Joseph F. Iniguez*

# UNITED STATES DISTRICT COURT,

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH F. INIGUEZ, | Case No.: 2:22-cv-00106-MCS-GJS |
|       Plaintiff, | |
|    v. | **FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS [42 U.S.C. §§ 1983, 1988]** |
| OFFICER R. MARTINEZ, an individual and Officer of the Azusa Police Department; CITY OF AZUSA, a public entity; and DOES 1 to 20, | **DEMAND FOR JURY TRIAL** |
|       Defendants. | |
| _____/ | |

/ / /

/ / /

Plaintiff Joseph F. Iniguez alleges that his civil rights were violated as follows:

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

***Jurisdiction and Venue:***

1.     This action for money damages arises under the Civil Rights Acts of 1871, 42 U.S.C. §§ 1983, 1985(3), 1988, the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and other applicable federal and state law.

2.     This Court has jurisdiction over the Federal Claims in this action based on 28 U.S.C. §§ 1331 and 1343.

3.     The unlawful conduct and illegal practices alleged in this complaint were all committed in the Central District of California. Venue therefore lies in this district, pursuant to 28 U.S.C. § 1391(b).

***Parties:***

4.     At all times set forth in this complaint and now, plaintiff Joseph F. Iniguez ("Mr. Iniguez" or "Plaintiff") has been an inhabitant of the United States, and a resident within the jurisdiction of the Central District of California.

5.     Defendant City of Azusa ("the City") is a municipality in the Central District of California and a governmental entity.  The Azusa Police Department ("APD") is a law enforcement agency of the City.

6.     Defendant Officer R. Martinez—Serial Number 1140 ("Officer Martinez") was a Police Officer of the APD at all times relevant to this complaint.

7.     Because Plaintiff is ignorant of the true names and capacities of Does 1 to 20, he is suing these Defendants by these fictitious names.  Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when the true names and capacities are learned. Plaintiff is informed and believes, and on that basis alleges, that the Doe Defendants acted in concert with all of the named

defendants. The Doe Defendants are being sued in their individual and official capacities.

8.     The City also employs all individuals employed by the APD, including Officer Martinez and Doe Defendants 1 to 20. At all times relevant to this Complaint, Officer Martinez and Doe Defendants were duly appointed, duly hired and acting as Police Officers of the City, acting under color of law and under color of statutes, ordinances, regulations, policies, customs and usages of the State of California and the City. Plaintiff was deprived of interests protected by the United States Constitution and laws of the United States, and each and every defendant caused, by commission or omission, these deprivations while acting under color of law.

9.     Officer Martinez and Doe Defendants, and each of them, acted as alleged in this complaint, as individuals, and they also acted under color, authority, and pretense of the laws, statutes, regulations, customs and usage of the State of California, the City, and under the authority of their official capacities.

10.     Plaintiff is informed and believes, and on that basis alleges, that each and every act alleged in this complaint was done by Officer Martinez and the Doe Defendants in the execution and implementation of the official policy, practice and custom of the City and the APD.  Plaintiff is informed and believes, and on that basis alleges, that at all times set forth in this complaint each of the individual defendants were the agent or the employee of the remaining defendants, and in doing the acts alleged below, were acting within the scope of his or her agency or employment.

11.     The acts and omissions complained of in this action (except the City) were engaged in maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights violated, despicably, and with evil motive and intent, in disregard of the rights of the Plaintiff.

12.   In violation of 42 U.S.C. § 1983, each individual Defendant conspired with the other in order to deprive Plaintiff of his rights as set forth in this action.

***Facts Common to All Claims for Relief:***

13.   On December 11, 2021, at approximately 11:40PM, Plaintiff and his fiancé, Dale Radford (Radford) were in the drive-thru of the McDonald's location on Alosta Avenue.  Upon entering the drive-thru, Plaintiff noticed the interior of their car light up and soon after, Officer Martinez approached the driver's side of the car.  Officer Martinez asked Mr. Radford if he knew why he was pulled over and then quickly stated that he was able to smell the odor of alcohol from inside the car.  Plaintiff advised Martinez that he drank earlier in the evening at a wedding reception, Mr. Radford was acting as a designated driver, and any odor of alcohol was from Plaintiff.

14.   Officer Martinez asked Mr. Radford to exit the car and began to ask questions related to a driving under the influence investigation.  Plaintiff was aware that the Azusa police department does not use body-worn camera or dashboard recording in the patrol car, so Plaintiff exited the car and began to record the interaction with his cell phone to ensure the interaction would be documented.  Plaintiff stood near the rear door of the passenger side of the car. Seconds after Plaintiff started recording, Officer Martinez stated, "My name is Corporal Martinez sir, by all means" while looking in the direction of Plaintiff's camera.[1]

15.   Officer Martinez then walked Mr. Radford toward the rear of his patrol car, approximately 20-30 feet from where Plaintiff was standing, and APD Officer Arias, who had arrived on the scene, came to stand within a few feet of Plaintiff. As Officer Arias stayed near Plaintiff, Plaintiff was able to converse with Officer Arias and explained to him that Mr. Radford did the right thing and drove Plaintiff

---

[1] Quotations in this Complaint are paraphrased.

after the wedding.  Officer Arias was receptive to Plaintiff's comments and continued to stand near Plaintiff without incident.

16.   Officer Arias told Plaintiff, "You're recording, and you can have whatever evidence you need and stuff from that, ok?"  Plaintiff noticed that Officer Martinez was engaging in a DUI investigation with Mr. Radford, so Plaintiff advised Mr. Radford that he had various rights. Plaintiff told Mr. Radford that he was under no obligation to answer any questions.  Plaintiff explained to Mr. Radford that the officer needed probable cause to arrest him and that if Officer Martinez decided to arrest him, Mr. Radford could challenge the arrest in court.

17.   As soon as Plaintiff stated an aspect of Mr. Radford's rights, Officer Martinez placed handcuffs on Mr. Radford and placed him in the backseat of his patrol car and stated, "Alright, I'm going to deal with your friend here." Officer Martinez walked over to Plaintiff and told Plaintiff that he was in public and intoxicated and that Plaintiff would be placed under arrest.  Officer Martinez further stated, "All you had to do was enter the car but you're indicating to me that you're incapable of following simple directions for your safety and the safety of the public. Therefore, you're being placed under arrest for public intoxication." Officer Martinez never asked Plaintiff to enter the car nor did Officer Arias, who was standing near Plaintiff nearly the entire time.

18.   It appeared from Officer Martinez's demeanor that Officer Martinez was frustrated that Plaintiff advised Mr. Radford of his rights.  He then arrested Plaintiff without cause for violation of California Penal Code section 647(f) and without probable cause of any other charge.  [California Penal Code section 647(f) refers to someone "…Who is found in any public place under the influence of intoxicating liquor, any drug, controlled substance, toluene, or any combination of any intoxicating liquor, drug, controlled substance, or toluene, in a condition that they are unable to exercise care for their own safety or the safety of others, or by reason of being under the influence of intoxicating liquor, any drug, controlled

substance, toluene, or any combination of any intoxicating liquor, drug, or toluene, interferes with or obstructs or prevents the free use of any street, sidewalk, or other public way."]

19.   Plaintiff's statements to Mr. Radford during Officer Martinez's interactions with Mr. Radford was speech protected and authorized by the First Amendment of the United States Constitution; Officer Martinez arrested Plaintiff as retaliation for this protected speech.  Plaintiff was arrested when otherwise similarly situated individuals not engaged in Plaintiff's speech.

20.   Plaintiff was transported to the Azusa police station. During the intake process, Plaintiff was asked by an APD jailer as to his sexual orientation; Plaintiff declined to answer out of fear for his safety. Despite having no answer and no such information, the jailer entered Plaintiff's sexual orientation as bisexual. Plaintiff was moved from an intake cell to a cell toward the rear of the jail that was dark, extremely cold, and isolated. Plaintiff did not have shoes or a jacket while in custody; as a result, the cold was oppressive and injurious.

21.   Approximately 60-90 minutes after Plaintiff was placed in the cell, Officer Martinez returned to advise Plaintiff of what happened to Mr. Radford. It was clear from Officer Martinez's physical demeanor that he was attempting to intimidate Plaintiff while he was in the cell. APD Sergeant Sears later visited Plaintiff's cell where he was being held in custody and advised that Plaintiff would not be held for the required six hours and would be released early.

22.   Approximately four hours after Plaintiff's arrest, the jailer walked Plaintiff to the front of the station. As they were walking, APD Sgt. Sears approached and asked the jailer to make sure Plaintiff was able to get a ride home. Officer Martinez then came by while Plaintiff was waiting for his ride in the lobby area and told the jailer that he would wait with Plaintiff.

23.   Officer Martinez told Plaintiff that he and Plaintiff are the same age and that he has been doing police work since he was 21 years old and that he is a

Corporal. Plaintiff expressed to Officer Martinez that what happened to Plaintiff that night was inappropriate and that there are avenues of accountability for his actions. Officer Martinez advised Plaintiff that he has "been through IA before" and referenced a false arrest. Officer Martinez's presence near Plaintiff made Plaintiff uncomfortable and as though he was attempting to intimidate Plaintiff. Officer Martinez's actions in the field in arresting Plaintiff as well as his continued interactions with Plaintiff throughout the night were improper and illegal.

24.   Throughout the periods Plaintiff was kept in custody, he was increasingly upset, anxious and distressed; he had done nothing illegal. Plaintiff had been illegally arrested. Plaintiff's conditions of confinement were harsh.

25.   In the aftermath of the arrest, the APD released the fact of Plaintiff's arrest to the public and media. As a result of the release of this information, based on a false and illegal arrest—and the fact that Plaintiff is Chief of Staff to the Los Angeles County District Attorney, the arrest of Plaintiff was reported widely and repeatedly in the press and media. Foreseeably, the media intruded into Plaintiff's life, going to his home and calling his parents and sibling. Additionally, the reporting included false information suggesting the matter had been referred to the Los Angeles District Attorney and the California Attorney General for criminal filing consideration. The extent and falsity of this reporting caused Plaintiff extraordinary shame and embarrassment, emotional and psychological distress and the physical manifestations of such distress and embarrassment.

26.   Mr. Iniguez's emotional and psychological distress and physical injuries include sleeplessness, debilitating anxiety and yet to be diagnosed conditions, all of which continue to this day.

## **FIRST CLAIM FOR RELIEF**

**(Against all defendants for false arrest pursuant to 42 U.S.C. Section 1983)**

27.   Plaintiff re-alleges and incorporates by reference in this Claim for Relief, each allegation set forth in paragraphs 1 through 26 above.

28.   In acting as described in paragraphs 1 through 26 above, each of the Defendants, acting under color of the statutes, regulations and ordinances of the State of California, and the City, negligently, recklessly, intentionally and in bad faith, deprived Plaintiff of the rights, privileges, and immunities secured and guaranteed to him by the United States Constitution and other laws of the United States as follows:

    a.  The Defendants deprived Plaintiff of his right to be free of unreasonable searches and seizures, as set forth and assured by the Fourth and Fourteenth Amendments of the United States Constitution, by seizing and arresting Plaintiff, and causing Plaintiff to be held in custody.

    b.  The Defendants conspired with each other in the deprivation of Constitutional rights which are the subject of 42 U.S.C. § 1983. Specifically, this conspiracy included an illegal agreement to falsely arrest Plaintiff and an illegal agreement to make false statements and create false written reports in an apparent attempt to avoid prosecution, discipline, termination or civil liability.

    c.  The Defendants maliciously sought the prosecution of Plaintiff by presenting false report materials and/or verbal reporting.

    d.  The Defendants deprived Plaintiff of his rights under the United States Constitution for other reasons as stated in paragraphs 1 through 26 above.

29.   Plaintiff's rights as described above were clearly established at the time of the violations and wrongful conduct alleged in this Complaint; and Defendants knew, or should have known, of Plaintiff's rights, and knew, or should have known, that their wrongful and illegal conduct violated Plaintiff's rights.

30.   As a direct, proximate and legal result of the above illegal and wrongful acts of defendants, and each of the defendants, Plaintiff suffered and continues to

suffer injury, damage, and loss, including, but not limited to the following, in amounts which will be proven at trial:

  a.  Loss of liberty.

  b.  Severe emotional distress.

  c.  Public degradation and obloquy.

  d.  Injury to his reputation.

  e.  Severe emotional and psychological distress.

  f.  Physical injury manifesting and arising from this emotional and psychological distress.

31.  Except for claims of punitive and exemplary damages, the facts alleged in this action makes the City liable for the conduct of the individual Defendants as described in this Claim for Relief.

32.  Plaintiff is entitled to attorney fees pursuant to 42 U.S.C. § 1988.

33.  Individual Defendants are deficient in the amounts necessary to furnish a suitable remedy to Plaintiff, APD is liable for such deficiency pursuant to California Government Code section 815.2.

34.  The above-described acts by the *individual* defendants were willful, oppressive, intentional and malicious; punitive and exemplary damages are therefore warranted to make an example of and punish the individual defendants, in amounts that will be proven at trial.

## SECOND CLAIM FOR RELIEF

**(Against all defendants for retaliatory arrest under the First Amendment of the United States Constitution and pursuant to 42 U.S.C. Section 1983)**

35.  Plaintiff re-alleges and incorporates by reference in this Claim for Relief, each allegation set forth in paragraphs 1 through 34 above.

36.  In acting as described in paragraphs 1 through 34 above, each of the Defendants, acting under color of the statutes, regulations and ordinances of the State of California, and the City, negligently, recklessly, intentionally and in bad

faith, deprived Plaintiff of the rights, privileges, and immunities secured and guaranteed to him by the United States Constitution and other laws of the United States as follows:

    a.  The Defendants deprived Plaintiff of his right to engage in free speech as guaranteed by the First and Fourteenth Amendments of the United States Constitution, by seizing and arresting Plaintiff, and causing Plaintiff to be held in custody in retaliation for Plaintiff engaging in protected speech to Mr. Radford during Officer Martinez's interactions with Mr. Radford.

    b.  The Defendants conspired with each other in the deprivation of Constitutional rights which are the subject of 42 U.S.C. § 1983. Specifically, this conspiracy included an illegal agreement to falsely arrest Plaintiff and an illegal agreement to make false statements and create false written reports in an apparent attempt to avoid prosecution, discipline, termination or civil liability.

    c.  The Defendants maliciously sought the prosecution of Plaintiff by presenting false report materials and/or verbal reporting.

    d.  The Defendants deprived Plaintiff of his rights under the United States Constitution for other reasons as stated in paragraphs 1 through 34 above.

37.  Plaintiff's rights as described above were clearly established at the time of the violations and wrongful conduct alleged in this Complaint; and Defendants knew, or should have known, of Plaintiff's rights, and knew, or should have known, that their wrongful and illegal conduct violated Plaintiff's rights.

38.  As a direct, proximate and legal result of the above illegal and wrongful acts of defendants, and each of the defendants, Plaintiff suffered and continues to suffer injury, damage, and loss, including, but not limited to the following, in amounts which will be proven at trial:

a.   Loss of liberty.

b.   Severe emotional distress.

c.   Public degradation and obloquy.

d.   Injury to his reputation.

e.   Severe emotional and psychological distress.

f.   Physical injury manifesting and arising from this emotional and
psychological distress.

39.   Except for claims of punitive and exemplary damages, the facts alleged
in this action makes the City liable for the conduct of the individual Defendants as
described in this Claim for Relief.

40.   Plaintiff is entitled to attorney fees pursuant to 42 U.S.C. § 1988.

41.   Individual Defendants are deficient in the amounts necessary to furnish a
suitable remedy to Plaintiff, APD is liable for such deficiency pursuant to
California Government Code section 815.2.

42.   The above-described acts by the *individual* defendants were willful,
oppressive, intentional and malicious; punitive and exemplary damages are
therefore warranted to make an example of and punish the individual defendants,
in amounts that will be proven at trial.

### THIRD CLAIM FOR RELIEF

**(Against the Defendant City pursuant to
42 U.S.C. Section 1983—*Monell* Liability)**

43.   Plaintiff re-alleges and incorporates by reference in this Claim for
Relief, each allegation set forth in paragraphs 1 through 42 above.

44.   Plaintiff is informed and believes, and on that basis alleges, that at all
times prior to December 11, 2021, the City and APD permitted, encouraged,
tolerated, and ratified a pattern and practice by its employees, including Officer
Martinez and Doe Defendants of making false arrests, engaging in unreasonable
searches and seizures, utilizing unreasonable force against citizens, improperly

intimidating and threatening citizens, and disrespecting citizens' sexual orientation. The City and APD knew or should have known, or were deliberately indifferent to, and failed to appropriately monitor, supervise and discipline law enforcement employees for illegal conduct.

45.   Plaintiff is informed and believes, and on that basis alleges, that the above acts, omissions and systematic deficiencies are policies, practices and customs of the City and APD; as such, the City and APD caused their employees, including Officer Martinez and Doe Defendants, to disregard the rules and laws governing the standards for treatment of citizens suspected of crimes. The City and APD led their employees to believe that their treatment of citizens would not be honestly and properly investigated and appropriately disciplined, all with the known and foreseeable result that law enforcement personnel are more likely to illegally treat citizens suspected of crimes.

46.   Plaintiff is informed and believes, and on that basis alleges, that the above acts, omissions and systematic deficiencies are policies, practices and customs of the City and APD; as such, the City and APD caused their employees to disregard the rules and laws governing standards for making proper arrests. Instead, the City and APD led their employees to believe that false arrests would not be honestly and properly investigated and appropriately disciplined, all with the known and foreseeable result that law enforcement personnel are more likely to act unreasonably to falsely arrest citizens.

47.   As a direct, proximate and legal result of the above illegal and wrongful acts, omissions, systematic deficiencies, policies, practices and customs of the City and APD, Officer Martinez and Does 1 to 20, and each of them, intimidated, arrested, jailed and searched Plaintiff illegally.

48.   As a direct, proximate and legal result of the above illegal and wrongful acts, omissions, systematic deficiencies, policies, practices and customs of the City

FIRST AMENDED COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS - 12

and APD, Officer Martinez and Does 1 to 20, and each of them caused the Plaintiff to be subject to unreasonable searches and seizures.

49.    As a direct, proximate and legal result of the above illegal and wrongful acts, omissions, systematic deficiencies, policies, practices and customs of the City and APD, Officer Martinez and Does 1 to 20, and each of them caused the Plaintiff to be falsely arrested and caused the incarceration of Plaintiff.

50.   As a direct, proximate and legal result of the above illegal and wrongful acts, omissions, systematic deficiencies, policies, practices and customs of the City and APD, Officer Martinez and Does 1 to 20, and each of them caused the Plaintiff to be subject to unreasonable use of force during the December 11, 2021 arrest.

51.    Plaintiff is entitled to attorney fees pursuant to 42 U.S.C. § 1988.

52.   As a direct, proximate and legal result of the above illegal and wrongful acts of defendants, and each of the defendants, Plaintiff suffered and continues to suffer injury, damage, and loss, including, but not limited to the following, in amounts which will be proven at trial:

      a.  Loss of liberty.

      b.  Severe emotional distress.

      c.  Public degradation and obloquy.

      d.  Injury to his reputation.

      e.  Severe emotional and psychological distress.

      f.  Physical injury manifesting and arising from this emotional and psychological distress.

WHEREFORE, Plaintiff prays for judgment and relief as to all claims for relief as follows:

      1.    Compensatory damages, including general and special damages, according to proof;

2.   Exemplary and punitive damages as to the defendants who
     are individuals, [not the public entity defendant] according to
     proof;

3.   Costs and reasonable attorney fees pursuant to 42 U.S.C.
     section 1988, and any other applicable statute or authority;

4.   Costs of suit; and

5.   Any further relief the Court deems just and proper.

                                   Respectfully submitted,

                                   Jonas & Driscoll LLP

Dated:  January 12, 2022           /s/ Glen T. Jonas

                                   _____

                                   Glen T. Jonas
                                   *Counsel for Plaintiff,*
                                   *Joseph F. Iniguez*

                                   Michael H. Artan, Lawyer, APC

Dated:  January 12, 2022           /s/ Michael H. Artan

                                   _____

                                   Michael H. Artan
                                   *Counsel for Plaintiff,*
                                   *Joseph F. Iniguez*

1
2

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues and claims that may be tried to a jury.

Respectfully submitted,

Jonas & Driscoll LLP

Dated:  January 12, 2022            /s/ Glen T. Jonas

_____

Glen T. Jonas
*Counsel for Plaintiff,*
*Joseph F. Iniguez*

Michael H. Artan, Lawyer, APC

Dated:  January 12, 2022            /s/ Michael H. Artan

_____

Michael H. Artan
*Counsel for Plaintiff,*
*Joseph F. Iniguez*