Mildred K. O'Linn (State Bar No. 159055)
　*mko@manningllp.com*
Garros Chan (State Bar No. 320561)
　*gxc@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, OFFICER R. MARTINEZ, an individual and Officer of the Azusa Police Department, CITY OF AZUSA, a public entity

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSEPH F. INIGUEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OFFICER R. MARTINEZ, an individual and Officer of the Azusa Police Department; CITY OF AZUSA, a public entity; and DOES 1 to 20,<br><br>　　　　Defendants. | Case No. 2:22-cv-00106 MCS (GJSx)<br>*[District Judge: Mark C. Scarsi; Magistrate: Gail J. Standish]*<br><br>**DEFENDANTS OFFICER R. MARTINEZ AND CITY OF AZUSA'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:　01/06/22<br>FAC Filed:　　　　01/12/22<br>Trial Date:　　　　N/A |

　　　Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants OFFICER R. MARTINEZ and CITY OF AZUSA ("Defendants") answer the First Amended Complaint of Plaintiff ("Plaintiff").  If an averment is not specifically admitted, it is hereby denied.

## ANSWER TO COMPLAINT

　　　1.　　Answering Paragraph 1, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.  Paragraph 1 further contains legal conclusions and argument as to which no response is required.

4868-0821-8382.1

**DEFS MARTINEZ & CITYS' ANSWER TO FAC; DEMAND FOR JURY TRIAL**

2. Answering Paragraph 2, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Paragraph 2 further contains legal conclusions and argument as to which no response is required.

3. Answering Paragraph 3, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Paragraph 3 further contains legal conclusions and argument as to which no response is required.

4. Answering Paragraph 4, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Paragraph 4 further contains legal conclusions and argument as to which no response is required.

5. Answering Paragraph 5, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Paragraph 5 further contains legal conclusions and argument as to which no response is required.

6. Answering Paragraph 6, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Paragraph 6 further contains legal conclusions and argument as to which no response is required.

7. Answering Paragraph 7, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Paragraph 7 further contains legal conclusions and argument as to which no response is required.

8. Answering Paragraph 8, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Paragraph 8 further contains legal conclusions and argument as to which no response is required.

9. Answering Paragraph 9, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Paragraph 9 further contains legal conclusions and argument as to which no response is required.

10. Answering Paragraph 10, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Paragraph 10 further contains legal conclusions and argument as to which no response is required.

11. Answering Paragraph 11, Defendants deny each and every allegation contained therein.

12. Answering Paragraph 12, Defendants deny each and every allegation contained therein.

13. Answering Paragraph 13, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Paragraph 13 further contains legal conclusions and argument as to which no response is required.

14. Answering Paragraph 14, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Paragraph 14 further contains legal conclusions and argument as to which no response is required.

15. Answering Paragraph 15, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Paragraph 15 further contains legal conclusions and argument as to which no response is required.

16. Answering Paragraph 16, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Paragraph 16 further contains legal conclusions and argument as to which no response is required.

17. Answering Paragraph 17, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Paragraph 17 further contains legal conclusions and argument as to which no response is required.

18. Answering Paragraph 18, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Paragraph 18 further contains legal conclusions and argument as to which no response is required.

19. Answering Paragraph 19, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Paragraph 19 further contains legal conclusions and argument as to which no response is required.

20. Answering Paragraph 20, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Paragraph 20 further contains legal conclusions and argument as to which no response is required.

21. Answering Paragraph 21, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Paragraph 21 further contains legal conclusions and argument as to which no response is required.

22. Answering Paragraph 22, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Paragraph 22 further contains legal conclusions and argument as to which no response is required.

23. Answering Paragraph 23, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Paragraph 23 further contains legal conclusions and argument as to which no response is required.

24. Answering Paragraph 24, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Paragraph 24 further contains legal conclusions and argument as to which no response is required.

25. Answering Paragraph 25, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Paragraph 25 further contains legal conclusions and argument as to which no response is required.

26. Answering Paragraph 26, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Paragraph 26 further contains legal conclusions and argument as to which no response is required.

27. Answering Paragraph 27, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Paragraph 27 further contains legal conclusions and argument as to which no response is required.

28. Answering Paragraph 28 and all subparagraphs contained within Paragraph 28, Defendants deny each and every allegation contained therein.

29. Answering Paragraph 29, Defendants deny each and every allegation contained therein.

30. Answering Paragraph 30 and all subparagraphs contained within Paragraph 30, Defendants deny each and every allegation contained therein.

31. Answering Paragraph 31, Defendants deny each and every allegation contained therein.

32. Answering Paragraph 32, Defendants deny each and every allegation contained therein.

33. Answering Paragraph 33, Defendants deny each and every allegation contained therein.

34. Answering Paragraph 34, Defendants deny each and every allegation contained therein.

35. Answering Paragraph 35, Defendants deny each and every allegation contained therein.

36. Answering Paragraph 36 and all subparagraphs contained within Paragraph 36, Defendants deny each and every allegation contained therein.

37. Answering Paragraph 37, Defendants deny each and every allegation contained therein.

38. Answering Paragraph 38 and all subparagraphs contained within Paragraph 38, Defendants deny each and every allegation contained therein.

39. Answering Paragraph 39, Defendants deny each and every allegation contained therein.

40. Answering Paragraph 40, Defendants deny each and every allegation contained therein.

41. Answering Paragraph 41, Defendants deny each and every allegation contained therein.

42. Answering Paragraph 42, Defendants deny each and every allegation contained therein.

43. Answering Paragraph 43, Defendants deny each and every allegation contained therein.

44. Answering Paragraph 44, Defendants deny each and every allegation contained therein.

45. Answering Paragraph 45, Defendants deny each and every allegation contained therein.

46. Answering Paragraph 46, Defendants deny each and every allegation contained therein.

47. Answering Paragraph 47, Defendants deny each and every allegation contained therein.

48. Answering Paragraph 48, Defendants deny each and every allegation contained therein.

49. Answering Paragraph 49, Defendants deny each and every allegation contained therein.

50. Answering Paragraph 50, Defendants deny each and every allegation contained therein.

51. Answering Paragraph 51, Defendants deny each and every allegation contained therein.

52. Answering Paragraph 52 and all subparagraphs contained within Paragraph 52, Defendants deny each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

Defendants plead the following separate defenses. Defendants reserve the right to assert additional affirmative defenses that discovery indicates are proper.

## FIRST AFFIRMATIVE DEFENSE

### (Tort Claims Act Violation)

53. This action is barred by the Plaintiff's failure to comply with the government tort claims presentation requirements, California Government Code § 900, *et seq.*, including but not limited to §§ 900, 900.4, 901, 905, 905.2, 910, 911, 911.2, 911.4, 945.4, 945.6, 946.6, 950.2, and 950.6, to the extent applicable.

54. The First Amended Complaint is barred based on plaintiff's failure to exhaust administrative remedies prior to filing this lawsuit.

55. Plaintiff's recovery is barred for failure to timely comply with the provisions of the claims statutes, including, but not limited to California Government Code §§ 901, 905, 905.2, 911.2, 945.4, 945.6, 950.2.

56. Plaintiff's recovery is barred because the causes of action stated in the First Amended Complaint do not correspond with the legal claims asserted in Plaintiff's written claim. The First Amended Complaint thereby alleges legal bases for recovery which are not fairly reflected in the written claim.

## SECOND AFFIRMATIVE DEFENSE
### (Waiver, Estoppel, Unclean Hands)

57. Defendants allege that plaintiff's action is barred by reason of conduct, actions and inactions of plaintiff which amount to and constitute a waiver of any right plaintiff may or might have had in reference to the matters and things alleged in the First Amended Complaint, or that otherwise estop plaintiff from recovery in this action, including but not limited to the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

58. Plaintiff's claims are barred or limited to the extent plaintiff failed to mitigate plaintiff's injuries or damages, if there were any. Plaintiff has failed to mitigate the damages, if any, which plaintiff has sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, plaintiff has failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.

## FOURTH AFFIRMATIVE DEFENSE
### (Contributory and/or Comparative Liability)

59. Plaintiff's claims are barred or limited by plaintiff's contributory/comparative negligence or other conduct, acts, or omissions, and to the extent plaintiff suffered any injury or damages, it was the result of plaintiff's own negligent or deliberate actions or omissions.

60. Plaintiff's recovery is barred because any injury or damage suffered by plaintiff were caused solely by reason of the plaintiff's wrongful acts and conduct. The conduct set forth in the First Amended Complaint, if and to the extent it occurred, was privileged and justified and done with a good faith belief that it was correct and no action may be taken against the answering defendants on account of such conduct.

///

## FIFTH AFFIRMATIVE DEFENSE

### (Public Entity/Employee Immunity for Others' Torts)

61. Plaintiff's recovery is barred because public entities and employees are immune from liability for any injury caused by the act or omission of another person. Gov. Code §§ 815 *et seq.*, 820.2 *et seq.*

62. The answering defendants are informed and believe and thereon allege that if plaintiff sustained any injury or damages, such injury or damages were solely caused or contributed to by the wrongful conduct of other defendants and/or entities or persons other than the answering defendants. To the extent that plaintiff's damages were so caused, any recovery by plaintiff as against the answering defendants should be subject to proportionately comparative equitable indemnity/contribution from such third parties.

## SIXTH AFFIRMATIVE DEFENSE

### (Public Entity/Employee Immunity for Discretionary Acts)

63. There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused. Gov. Code § 815.2, 820.2, 820.4, 820.8, 820 *et seq*.

64. Plaintiff's recovery is barred because public entities and employees are immune from liability for discharging their mandatory duties with reasonable diligence.

65. A public employee may not be held liable for injuries or damages, if any, caused by failure to adopt or by adoption of an enactment or by failure to enforce an enactment and/or law, for an injury caused by his issuance, denial, suspension or revocation or by his failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization, where he is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked, pursuant to Government Code §§ 818.2, 818.4, 818.8, 821 and

821.2. Based thereon, the answering defendants are immune from liability for any injuries claimed by plaintiff, herein.

66. This/these defendants are immune for any detriment resulting from any of its actions or omissions at the time of the incident of which plaintiff complain pursuant to Government Code § 810 *et seq.*, 815 *et seq.*, 820 *et seq.*, and 845 *et seq.*, including, but not limited to, §§ 810, 810.2, 810.4, 810.6, 810.8, 811, 811.2, 811.4, 811.6, 811.8, 820.6, 820.8, 821, 821.2, 821.4, 821.6, 821.8, 822.2, 830.5, 830.6, 835.4, 844.6, and Government Code §§ 854, *et seq.*, including, but not limited to, §§ 845.6, 854.6, 854.8(a)(2), and §§ 855.4, 855.6, 855.8 and 856.4.

## SEVENTH AFFIRMATIVE DEFENSE
### (Public Entity Immunity)

67. To the extent that the First Amended Complaint attempts to predicate liability upon any public entity defendants or any employees thereof for purported negligence in retention, hiring, employment, training, or supervision of any public employee, such liability is barred by Government Code sections 815.2 and 820.2 and *Herndon v. County of Marin* (1972) 25 Cal. App. 3d 933, 935, 936, *rev'd on other grounds by Sullivan v. County of Los Angeles* (1974) 12 Cal.3d 710; and by the lack of any duty running to any plaintiffs; by the fact that any such purported act or omission is governed exclusively by statute and is outside the purview of any public employees' authority; and by the failure of any such acts or omissions to be the proximate or legal cause of any injury alleged in the First Amended Complaint. *See de Villers v. County of San Diego*, 156 Cal.App.4th 238, 251-253, 255-256 (2007).

68. These defendants may not be held liable on a *respondeat superior* theory for any negligent or wrongful act or omission on the part of any subordinate. Cal. Government Code §§ 844.6, 845.6; Cal. Civil Code § 2351; *Malloy v. Fong* (1951) 37 Cal.2d 356, 378-379; *Monell v. Department of Social Services of the City of New York* (1978) 436 U.S. 658; *Larez v. City of Los Angeles* (9th Cir. 1991) 946 F.2d 630,

645-646; *cf. City of Canton v. Harris*, 489 U.S. 378, 388-389 (1989); *City of Los Angeles v. Heller*, 475 U.S. 796 (1986).

## EIGHTH AFFIRMATIVE DEFENSE
### (Qualified Immunity & Good Faith Immunity)

69. Defendants and its agents or officers at all times relevant to this action acted reasonably and prudently under the circumstances. Defendants therefore assert the individual defendants' Qualified Immunity from liability to the fullest extent applicable.

70. Defendants are immune from liability under the Federal Civil Rights Act because they acted in good faith with an honest and reasonable belief that their actions were necessary and appropriate. Defendants are immune from liability under the Federal Civil Rights Act because a reasonable police officer could believe that their acts and conduct were appropriate. Defendants are immune from liability under the Federal Civil Rights Act because their conduct did not violate clearly established rights. Defendants are also immune from liability under the doctrine of Qualified Immunity.

71. At all relevant times, defendants acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason, and with the good faith belief that their actions comported with all applicable federal and state laws. *Harlow v. Fitzgerald* (1982) 457 U.S. 800; Cal Gov. Code §§ 815.2 and 820.2.

## NINTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

72. At the times and places referred to in the First Amended Complaint for Damages, and before such event, plaintiff knew, appreciated, and understood each and every risk involved in placing themselves in the position which plaintiff then assumed, and willingly, knowingly and voluntarily assumed each of such risks,

including, but not limited to, the risk of suffering personal injury and/or lawful deprivation of right(s).

### TENTH AFFIRMATIVE DEFENSE

73. Defendants contend that they cannot fully anticipate all affirmative defenses that may be applicable to this action based on the conclusory terms used in plaintiff's First Amended Complaint. Accordingly, defendants expressly reserve the right to assert additional affirmative defenses if and to the extent that such affirmative defenses become applicable.

WHEREFORE, Defendants pray for relief as follows:

1. That the First Amended Complaint be dismissed, with prejudice and in its entirety;

2. That Plaintiff take nothing by reason of this First Amended Complaint and that judgment be entered against Plaintiff and in favor of Defendants;

3. That Defendants be awarded their costs incurred in defending this action;

4. That Defendants be granted such other and further relief as the Court may deem just and proper.

DATED: February 16, 2022        **MANNING & KASS**
                                **ELLROD, RAMIREZ, TRESTER LLP**

By:        /s/ Mildred K. O'Linn
       Mildred K. O'Linn
       Garros Chan
       Attorneys for Defendants, OFFICER R. MARTINEZ, an individual and Officer of the Azusa Police Department, CITY OF AZUSA, a public entity

## DEMAND FOR JURY TRIAL

Defendants, OFFICER R. MARTINEZ and CITY OF AZUSA, hereby demand trial of this matter by jury.

DATED: February 16, 2022

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Mildred K. O'Linn
Mildred K. O'Linn
Garros Chan
Attorneys for Defendants, OFFICER R. MARTINEZ, an individual and Officer of the Azusa Police Department, CITY OF AZUSA, a public entity